UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Andrew Hieb,

           Petitioner,

    v.

Jeffrey A. Uttecht,

           Respondent.

CASE NO. 3:19-cv-05416-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  September 13, 2019

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

      Petitioner Andrew Hieb filed his federal habeas petition on May 13, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore, the Court recommends that the petition be dismissed without prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by jury verdict for several counts of rape and child molestation. Dkt. 12, Exhibit 1. Petitioner was sentenced on May 11, 2018. *Id.* Petitioner's direct appeal is still pending in the Washington Court of Appeals. *See* Dkts. 6, 12 at Exhibit 2, 3, 4. Petitioner filed this petition on May 11, 2019 stating that his direct appeal is pending in state court. Dkt. 6.

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. On July 9, 2019, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 11. Respondent maintains that the petition should be dismissed without prejudice for failure to exhaust state remedies. Dkt. 11. Respondent acknowledges that the petition is not a mixed petition and argues that petitioner failed to exhaust *all* his claims. Dkt. 11 at 4. Respondent does not address whether federal intervention with petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). And the Court sees no reason to make a determination on the *Younger* abstention issue at this time, since the matter can be resolved without reaching that issue. Petitioner did not file a traverse. *See* Dkt.

**DISCUSSION**

**I.    Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal

judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner challenges his 2018 judgment and sentence, which is still pending in his direct appeal in state court. Dkts. 6, 12 at Exhibits 2, 3, 4. Because petitioner's direct appeal is still pending, the state courts have not had a full opportunity to resolve any constitutional issues. Moreover, because petitioner's direct appeal is still pending, the time for filing a state court collateral challenge has not expired. *See* RCW § 10.73.090. The Court also notes that the state court may resolve petitioner's direct appeal in his favor, which could moot this petition.

Therefore, the Court finds that petitioner's claims should be dismissed without prejudice because he has not exhausted his state court remedies. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court."); *Watson v. Lampert*, 27 Fed. Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he filed his § 2254 petition).

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

The Court recommends that the petition be dismissed without prejudice. No evidentiary hearing is necessary, and a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result

1 | in a waiver of those objections for purposes of de novo review by the district judge. *See* 28
2 | U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the
3 | clerk is directed to set the matter for consideration on September 13, 2019, as noted in the
4 | caption.

5 | Dated this 22nd day of August, 2019.

J. Richard Creatura
United States Magistrate Judge